[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FORSUMMARY JUDGMENT AS TO SECOND SPECIAL DEFENSES]
FACTS
On September 28, 1992, the plaintiffs, Dennis Kenney, Muriel Jordan and Jay Jacobs, filed this four count amended complaint against the defendants, Healey Ford-Subaru, Inc. ("Healey"), and Ford Motor Credit Co. ("Ford"). Each of the three named plaintiffs purchased the same used 1987 Ford Tempo, VIN # 1FABP39S5HK201621, ("the vehicle") from Healey and obtained financing from Ford. The complaint alleges in count one that Healey and Ford violated the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq., when they sold the vehicle to each of the plaintiffs without disclosing its prior history; in count two that Healey and Ford violated CUTPA and the Creditors' Collection practices Act ("CCPA"), General Statutes § 36-243a et seq., and the Retail Installment Sales Financing Act ("RISFA"), General Statutes § 42-110a et seq., when they repossessed the vehicle from Jacobs; in count three that Healey and Ford violated CUTPA, CCPA, and RISFA when they repossessed the vehicle from Jordan; and in count four that Healey and Ford violated CUTPA, CCPA, and RISFA when they repossessed the vehicle from Kenney. On October 30, 1992, Ford filed an answer, two special defenses and a counterclaim. On November 27, 1992, Healey filed an answer and the same two special defenses. The defendants' first special defense alleges that the Jacobs' claims are barred by the statute of limitations. Their second special defense alleges that all the plaintiffs' claims are limited or barred because the defendants are holders in due course of a contract pursuant to General Statutes § 52-572g. Section 52-572g
operates to limit the liability of a holder in due course to the amount of indebtedness outstanding in the transaction. On June 3, 1993, the plaintiffs filed a motion for summary judgment on the defendants' second special defense. The plaintiffs contend that CT Page 4598 the defendants are sellers and, as a matter of law, cannot be holders in due course.
DISCUSSION
"The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it." [Benjamin v. Nunes], 9 Conn. L. Rptr. 143 (May 21, 1993, McDonald, J.). See also [Rogers v. Daley Development Co.], 3 Conn. L. Rptr. 76
(December 19, 1990, Pickett, J.); [Carothers v. Cappoziello],3 Conn. L. Rptr. 341 (May 14, 1991, Hennessey, J.); [Espowood v.Springfield Terminal Railway Co.], 7 Conn. L. Rptr. 147 (July 28, 1992, Maiocco, J.); [Centerbank v. Silvermine Land Investment Corp.],8 Conn. L. Rptr. 61 (December 16, 1992, Lewis, J.).
In the present case, this Court also will adhere to the rationale of the majority of our Superior Courts. Accordingly, the plaintiffs' Motion for Summary Judgment as to Second Special Defenses (#117) is denied.
So ordered.
Michael Hartmere, Judge